UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MOHAMMAD AKRAMA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

CINQUE RESTAURANT INC. d/b/a OSTERIA BAROCCA and IYAD HAMSHO,

Defendants.
---------------------------------------------------------------------X

Civil Action No.

**COLLECTIVE & CLASS <u>ACTION COMPLAINT</u>**

**JURY TRIAL DEMANDED**

Plaintiff Mohammad Akrama, individually and on behalf of all others similarly situated, as class representative, by his attorneys, LaRocca, Hornik, Greenberg, Kittredge, Carlin & McPartland LLP, for his collective and class action complaint against defendants Cinque Restaurant Inc. d/b/a Osteria Barocca and Iyad Hamsho, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") on behalf of himself and all other similarly situated employees of defendants because they have engaged in a long-standing pattern and practice of paying their employees at a rate less than the statutory minimum wage; failing to pay their employees overtime pay for the work they performed in excess of 40 hours per week; failing to provide their employees with proper wage notices at the time of hire and proper wage statements on each payday; failing to pay their employees spread of hours pay when their workdays exceeded 10 hours; stealing their employees' cash tips and making other illegal and unauthorized deductions from their wages.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over plaintiff's individual and collective claims arising under the FLSA, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over plaintiff's individual and class claims arising under the NYLL, pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) & (c) because a substantial part of the events or omissions giving rise to this action occurred in this district and defendants are subject to personal jurisdiction in this district.

## THE PARTIES

5. Plaintiff Mohammad Akrama resides in the State of New York.

6. Defendant Cinque Restaurant Inc. ("Cinque") is a New York corporation.

7. Cinque is a current or former owner, operator, licensor, licensee, lessee, or manager of the restaurant known as Osteria Barocca located at 133 Mulberry Street, New York, New York.

8. Defendant Iyad Hamsho is a current or former owner, operator, licensor, licensee, principal, manager, partner, or employee of Cinque.

9. Plaintiff is a former employee of defendants at Osteria Barocca.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings his Third and Fifth Claims for Relief as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by defendants at any time between October 2022 through the present (the "Collective Action Period") as waitstaff at Osteria Barocca (the "Collective Action Members").

11. A collective action is appropriate in this case because defendants engaged in a long-standing pattern and practice during the Collective Action Period of paying plaintiff and the

Collective Action Members at a rate less than the statutory minimum wage; and refusing to pay them overtime pay for the work they performed in excess of forty (40) hours per week.

12. Plaintiff and the Collective Action Members have or had similar job duties at Osteria Barocca and were paid pursuant to a similar, if not the same, payment structure.

**CLASS ALLEGATIONS UNDER THE NYLL**

13. Plaintiff brings his Fourth, Sixth, Seventh, Eighth, and Ninth Claims for Relief under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by defendants at any time between October 2019 through the present (the "NYLL Class Period") as waitstaff at Osteria Barocca (the "NYLL Class Members").

14. The NYLL Class Members are readily ascertainable. The number and identity of the NYLL Class Members are determinable from the records of defendants. For purposes of notice and other purposes related to this case, the names and addresses of the NYLL Class Members are readily available from defendants. Notice can be provided by means permissible under Rule 23 of the Federal Rules of Civil Procedure.

15. The NYLL Class Members are so numerous that joinder of all members is impracticable. Upon information and belief, the number of employees who have been harmed by defendants' pervasive and unlawful labor practices are more numerous than what could be addressed by joinder.

16. There are questions of law and fact common to the claims of plaintiffs and the NYLL Class Members. Such common questions will determine defendants' liability to all or substantially all NYLL Class Members. These common questions include whether defendants engaged in a long-standing pattern and practice during the NYLL Class Period of failing to pay plaintiff and the NYLL Class Members at least the statutory minimum wage for all hours worked;

failing to pay them overtime pay for the work they performed in excess of forty (40) hours per week; failing to provide them with wage notices, tip credit notices, and wage statements; failing to pay them spread of hours pay; stealing their cash tips and making other illegal and unauthorized deductions from their wages. The answers to these questions will drive resolution of the litigation. If a judge or jury agrees with plaintiff on these issues, defendants would be liable to all NYLL Class Members for their NYLL violations during the NYLL Class Period.

17. Plaintiff's claims are typical of the NYLL Class Members' claims. Plaintiff, like all NYLL Class Members, is current or former non-exempt employee of defendants at Osteria Barocca. Plaintiff, like all NYLL Class Members during the NYLL Class Period, was, among other things, paid less than the statutory minimum wage; not paid overtime pay for hours worked in excess of forty (40) hours per week; did not receive wage notices, tip credit notices, and wage statements; and had cash tips stolen and wages deducted for illegal and unauthorized reasons. If defendants are liable to plaintiff for these claims, they are also liable to all NYLL Class Members for their NYLL violations during the NYLL Class Period.

18. Plaintiff and his counsel will fairly and adequately represent the NYLL Class Members. There are no current conflicts between plaintiff and the NYLL Class Members and plaintiff's counsel are experienced litigators who are well-prepared to represent the interests of the NYLL Class Members.

19. The questions of law and fact common to the NYLL Class Members predominate over any questions solely affecting the individual members of the NYLL Class. These common questions include, without limitation:

a. Whether defendants failed or refused to keep true and accurate time records for all hours worked by plaintiff and the NYLL Class Members;

b. Whether defendants failed or refused to pay plaintiff and the NYLL Class Members minimum wage for all hours worked;

c. Whether defendants failed or refused to pay plaintiff and the NYLL Class Members overtime pay for hours worked in excess of forty (40) hours per week;

d. Whether defendants failed or refused to provide plaintiff and the NYLL Class Members with wage notices, tip credit notices, and wage statements;

e. Whether defendants stole cash tips from and made illegal and unauthorized deductions from plaintiff's and the NYLL Class Members' wages; and,

f. Whether defendants are liable for all damages claimed in this action, including, without limitation, compensatory damages, liquidated damages, attorneys' fees and costs.

20. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants are sophisticated parties with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against defendants.

21. The NYLL Class Members have no interest or capacity to bring separate actions; plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no difficulties that will arise in managing the class action.

## FACTUAL ALLEGATIONS REGARDING PLAINTIFF SPECIFICALLY

22. Plaintiff was employed at Osteria Barocca from July 2024 to January 2025.

23. Throughout his employment, plaintiff worked four days per week as a waiter and one day per week as an interim manager for an average of 55 hours each week.

24. Throughout his employment, plaintiff's average of 55 weekly hours was generally

comprised of 43 hours working as a waiter and 12 hours working as an interim manager.

25. Throughout plaintiff's employment, defendants failed to provide plaintiff with a proper wage notice.

26. Defendants' failure to provide plaintiff with a proper wage notice injured him by denying him the right to be adequately apprised of the terms and conditions of his employment—including, among other things, his rates of pay, the period of work for which he was purportedly being paid (as defendants failed to pay him on a regular schedule), the day of the week on which he was supposed to be paid, and the purported allowances defendants claimed against the minimum wage and overtime that he should have been paid—and resulted in the underpayment of his wages at Osteria Barocca.

27. Throughout plaintiff's employment, defendants never notified plaintiff that they were claiming any allowances or deductions as part of the minimum wage, including any tip or meal allowances.

28. Throughout plaintiff's employment, defendants failed to provide plaintiff with proper wage statements on each payday.

29. Defendants' failure to provide plaintiff with proper wage statements injured him by denying him the right to be adequately apprised of the breakdown of his weekly wages—including, among other things, his effective rates of pay, the number of hours he actually worked each week, the period of work for which he was purportedly being paid (as defendants irregularly paid him), and the purported allowances defendants claimed against the minimum wage and overtime that he should have been paid—and resulted in the continued underpayment of his wages.

30. Had defendants adequately apprised plaintiff of the information required to be provided to him on his wage statements, plaintiff would have known that defendants were not

properly and timely paying him; plaintiff would have been able to properly and promptly determine his gross or net wages for a pay period, his total hours worked, and purported deductions and allowances; plaintiff would have demanded that defendants properly and timely pay him; and he could have taken appropriate legal action that would have remedied the injuries of defendants' unlawful pay practices earlier.

31. Throughout plaintiff's employment, defendants failed to provide plaintiff with spread of hours pay when his workdays exceeded 10 hours.

32. During numerous weeks of his employment, defendants failed to pay plaintiff any of his wages or tips.

33. For the six-week period from July 22, 2024 through September 1, 2024, plaintiff was not paid any wages or tips at all.

34. Defendants' records confirm that, during this six-week period, plaintiff's unpaid credit card tips totaled at least $6,773 and plaintiff's unpaid wages totaled at least $6,000 for a total of at least $12,773.

35. For the three-week period from September 30, 2024 through October 20, 2024, plaintiff was not paid any wages or tips at all.

36. During this three-week period, plaintiff's unpaid credit card tips totaled at least $1,322 and plaintiff's unpaid wages totaled at least $3,000 for a total of no less than $4,322.

37. During his other weeks of employment, plaintiff was significantly underpaid.

38. Throughout plaintiff's employment, plaintiff's effective hourly rate was less than the statutory minimum wage in effect for large New York City employers such as defendants in 2024 and 2025.

39. By way of example, during the week of December 16, 2024 through December 22,

2024, plaintiff's effective hourly rate for his regular hours was just $4.15 per hour.

40. After accounting for the 15 hours of overtime that plaintiff worked during the week of December 16, 2024 through December 22, 2024, plaintiff's effective hourly rate for his total hours worked was just $3.02 per hour.

41. While plaintiff was a non-exempt employee during his employment at Osteria Barocca and worked approximately 55 hours each week, plaintiff was never paid overtime for any of the work he performed in excess of 40 hours per week.

42. By way of example, during the week of December 16, 2024 through December 22, 2024, plaintiff worked approximately 55 hours at Osteria Barocca, but he was not paid overtime for any of the 15 hours he worked in excess of 40 hours in this week.

43. Between July 2024 and January 2025, it is estimated that defendants failed to pay plaintiff for at least three hundred sixty (360) hours of overtime.

44. Throughout plaintiff's employment, defendants regularly stole plaintiff's cash tips.

45. Throughout plaintiff's employment, defendants regularly made illegal and unauthorized deductions from plaintiff's pay, including, without limitation, deducting 3% from his credit card tips for "credit card processing fees" even though defendants were also collecting a 3% surcharge from customers paying with credit cards.

46. In January 2025, defendants terminated plaintiff's employment.

**FIRST CLAIM FOR RELIEF**
**(Failure to pay wages under the FLSA brought by plaintiff against defendants)**

47. Paragraphs 1 through 46 are realleged.

48. At all relevant times, defendants were "employers" engaged in interstate "commerce" or in the production of "goods" for "commerce" within the meaning of the FLSA.

49. At all relevant times, defendants have had gross revenues in excess of $500,000.

50. At all relevant times, defendants have employed "employee[s]" as defined by the FLSA, including plaintiff and the Collective Action Members.

51. At all relevant times, defendants willfully failed and refused to pay plaintiff any wages or tips at all during several weeks of his employment.

52. Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Failure to pay wages under the NYLL brought by plaintiff against defendants)**

53. Paragraphs 1 through 52 are realleged.

54. Defendants employed plaintiff within the meaning of the NYLL.

55. At all relevant times, defendants willfully failed and refused to pay plaintiff any wages or tips at all during several weeks of his employment.

56. Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the NYLL, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(Failure to pay minimum wage under the FLSA brought by plaintiff and the Collective Action Members against defendants)**

57. Paragraphs 1 through 56 are realleged.

58. Defendants operated under a decision, policy, and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the statutory minimum wage to plaintiff and the Collective Action Members during their respective periods of employment during the Collective Action Period.

59. Defendants willfully failed and refused to pay the statutory minimum wage to

plaintiff and the Collective Action Members during their respective periods of employment during the Collective Action Period.

60. Plaintiff and the Collective Action Members seek damages in the amount of their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper

**FOURTH CLAIM FOR RELIEF**
**(Failure to pay minimum wage under the NYLL brought by plaintiff and the NYLL Class Members against defendants)**

61. Paragraphs 1 through 60 are realleged.

62. Defendants employed plaintiff and the NYLL Class Members within the meaning of the NYLL.

63. Defendants engaged in a long-standing pattern and practice of willfully failing and refusing to pay the statutory minimum wage to plaintiff and the NYLL Class Members for the hours they worked during their respective periods of employment during the NYLL Class Period.

64. Defendants were not entitled to claim any tip credits on plaintiff or the NYLL Class Members' compensation because they failed to provide them with notice that they were claiming a tip credit on their compensation and failed to provide plaintiff and the NYLL Class Members with proper wage statements informing them of the amount of any tip credit being taken for each payment period.

65. Plaintiff and the NYLL Class Members seek damages in the amount of their unpaid compensation, liquidated damages as provided by the NYLL, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(Failure to pay overtime under FLSA brought by plaintiff and the Collective Action Members against defendants)**

66. Paragraphs 1 through 65 are realleged.

67. Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per week at Osteria Barocca during the Collective Action Period.

68. At all relevant times, defendants operated under a decision, policy, and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay plaintiff and the Collective Action Members at one and one-half times their regular pay or, at the very least, one and one-half times the statutory minimum wage, for the hours they worked in excess of 40 hours per week, even though plaintiff and the Collective Action Members were non-exempt employees during their respective periods of employment during the Collective Action Period.

69. Defendants willfully failed and refused to pay plaintiff and the Collective Action Members at the required overtime rate for the hours they worked in excess of 40 hours per week, even though plaintiff and the Collective Action Members were non-exempt employees during their respective periods of employment and entitled to overtime during the Collective Action Period.

70. Plaintiff and the Collective Action Members seek damages in the amount of their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**
**(Failure to pay overtime under the NYLL brought by plaintiff and the NYLL Class Members against defendants)**

71. Paragraphs 70 are realleged.

72. Defendants employed plaintiff and the NYLL Class Members within the meaning of the NYLL.

73. Defendants engaged in a long-standing pattern and practice of willfully failing and refusing to pay plaintiff and the NYLL Class Members at the required overtime rate for the hours they worked in excess of 40 hours per week, even though plaintiff and the NYLL Class Members were non-exempt employees during their respective periods of employment and entitled to overtime during the NYLL Class Period.

74. Plaintiff and the NYLL Class Members seek damages in the amount of their unpaid compensation, liquidated damages as provided by the NYLL, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SEVENTH CLAIM FOR RELIEF**
**(Failure to furnish a proper wage notice and proper wage statements under the NYLL brought by plaintiff and the NYLL Class Members against defendants)**

75. Paragraphs 1 through 74 are realleged.

76. Section 195(1)(a) of the NYLL requires that employers furnish to each employee "in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other…"

77. Defendants willfully failed to furnish plaintiff and the NYLL Class Members with proper wage notices at the time they were hired that reflected the criteria required under NYLL § 195(1)(a) during the NYLL Class Period.

78. Moreover, NYLL § 195(3) requires that employers furnish to each employee wage statements containing accurate, specifically enumerated criteria on each occasion when the

employer pays wages to the employee.

79. Defendants also willfully failed to furnish plaintiff and the NYLL Class Members with proper wage statements containing the criteria required under NYLL § 195(3) during their respective periods of employment during the NYLL Class Period.

80. Defendants' statutory violations resulted in the underpayment of plaintiff and the NYLL Class Member's wages during the NYLL Class Period.

81. Plaintiff and the NYLL Class Members seek statutory damages in an amount to be determined at trial, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**EIGHTH CLAIM FOR RELIEF**
**(Failure to pay spread of hours under the NYLL brought by plaintiff and the NYLL Class Members against defendants)**

82. Paragraphs 1 through 81 are realleged.

83. Section 142-2.4 of the Rules and Regulations of the State of New York requires that employers pay non-exempt employees an additional hour of pay for each day in which their workday exceeds 10 hours, which is known as "spread of hours" pay.

84. Defendants willfully failed and refused to pay plaintiff and the NYLL Class Members spread of hours pay during their respective periods of employment when their workdays exceeded 10 hours during the NYLL Class Period.

85. Plaintiff and the NYLL Class Members seek damages in the amount of their unpaid compensation, liquidated damages as provided by the NYLL, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**NINTH CLAIM FOR RELIEF**
**(Unlawful deductions under the NYLL brought by plaintiff and the NYLL Class Members against defendants)**

86. Paragraphs 1 through 85 are realleged.

87. Section 193 of the NYLL prohibits employers from making any deductions from the wages of employees aside from those deductions that are expressly authorized under the statute.

88. Throughout the employment of plaintiff and the NYLL Class Members during the NYLL Class Period, defendants regularly made illegal and unauthorized deductions from their pay, including, without limitation, stealing their cash wages and deducting 3% from their credit card tips for "credit card processing fees" even though defendants were also collecting a 3% surcharge from customers paying with credit cards.

89. Plaintiff and the NYLL Class Members seek damages in an amount to be determined at trial, liquidated damages as provided by the NYLL, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE, plaintiff prays for relief as follows:

a) Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated current and former employees of Osteria Barocca, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing plaintiff and his counsel to represent the Collective Action Members;

b) Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the NYLL Class Members and appointing plaintiff and his counsel to represent the NYLL Class Members;

c) On the First Claim for Relief, failure to pay wages under the FLSA, brought by plaintiff against defendants, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

d) On the Second Claim for Relief, failure to pay wages under the NYLL, brought by plaintiff against defendants, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

e) On the Third Claim for Relief, FLSA minimum wage violations, brought by plaintiff and the Collective Action Members against defendants, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

f) On the Fourth Claim for Relief, NYLL minimum wage violations, brought by plaintiff and the NYLL Class Members against defendants, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

g) On the Fifth Claim for Relief, FLSA overtime violations, brought by plaintiff and the Collective Action Members against defendants, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

h) On the Sixth Claim for Relief, NYLL overtime violations, brought by plaintiff and the NYLL Class Members against defendants, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

i) On the Seventh Claim for Relief, NYLL wage notice and wage statement violations, brought by plaintiff and the NYLL Class Members against defendants, statutory damages in an amount to be determined at trial, and attorneys' fees and costs as provided by law;

j) On the Eighth Claim for Relief, NYLL spread of hours pay violations, brought by plaintiff and the NYLL Class Members against defendants, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

k) On the Tenth Claim for Relief, NYLL illegal deductions violations, brought by plaintiff and the NYLL Class Members against defendants, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law; and,

l) All such other and further relief as the Court may deem equitable, just, and proper to remedy defendants' unlawful labor practices.

Dated: New York, New York
November 3, 2025

LAROCCA, HORNIK, GREENBERG,
KITTREDGE, CARLIN
& MCPARTLAND LLP

/s/ *Jared E. Blumetti*

By: ______________________________
Patrick McPartland (PM-4225)
Jared E. Blumetti (JB-1214)

40 Wall Street, Suite 1608
New York, New York 10005
T: (212) 530-4837, 4831
E: pmcpartland@lhgkcm.com
jblumetti@lhgkcm.com

*Attorneys for plaintiff*
*Mohammad Akrama*